after stating the case as it appeared upon the pleadings. — The evidence, or symptoms of fraud, furnish such a variety of cases that I shall not attempt to delineate them to the jury; the counsel have shown many instances from the books which the jury will apply to the facts before them. Whether possession of the negro accompanied and followed the execution of the bill of sale or not, the jury are alone competent to determine from the *Page 98 
evidence. Should it appear to them that it did, and that the plaintiff paid a valuable consideration, it will be strong evidence, though, not conclusive, that the transaction was fair, honest, andbonâ fide.
It may be necessary to consider what the law is, should they think otherwise; viz., that the possession still remained with Harrison. The case of Edwards v. The Executors de son tort of Mercer, in 2 Term Rep. 587, is in point; the authority of this case is great, for it is surely founded in reason; the case was this, Mercer was indebted to Edwards in the sum of £22 18s. 6d.,
he was also indebted to the defendant in that action in the sum of £191. Under these circumstances, in order to secure the debt of the defendant, he made a bill of sale of the whole of his property. None of it was delivered to Edwards except a corkscrew; for it was privately agreed between Mercer and Edwards that Mercer should keep possession for fourteen days, after which Edwards was to take the property, unless Mercer should pay the money. Mercer died within fourteen days, and the defendant in that action took possession of the property, after which Edwards sued him for the amount of his debt, £22 18s. 6d., and recovered.
The ground upon which the Court decided in that case was that Mercer did not deliver possession to Edwards agreeably to the bill of sale, which was an absolute conveyance. Applying this ease to the one before you, it is clear that the bill of sale from Harrison to the plaintiff was void as against creditors, if possession were not delivered by Harrison to the plaintiff, of which you must judge from the evidence.[1] As between Harrison and Ragan themselves, or any person claiming directly under Ragan, it were otherwise. The principle laid down in 2 Term Rep. 587 equally applies, whether a valuable consideration were given or not. In that case there was the consideration of a previous debt of £191, which was as valid a consideration as if the cash had been paid down.
In order to discover if there does exist a difference between the conveyance of slaves and other personal property, induced by a salutary provision as has *Page 99 
been contended, it will be necessary to consider, first, the reason of the principle which requires the delivery of possession in England; and, secondly, how far the act respecting the registration of bills of sale has affected that principle.
By the law of nature, each creditor of the same debtor has an equal right with any other to have his debt satisfied out of the property of the debtor. By the common law, the debtor may pay any one of his creditors before another, or, if he has not property sufficient to satisfy all, he may prefer one to another in payment,[2] but this payment, as respects a creditor, or a person purchasing property, must not be in idea only, but in reality. If there is no money or property delivered it cannot be a payment or absolute conveyance, but may amount to an agreement to that effect, the execution of which the law would compel. Besides, the person having the possession and use of personal property after an absolute bill of sale, is, in fact, the owner of the property still, for the bill of sale is no more effective if the use of the property does not follow it, than if there was none at all. Neither a creditor or purchaser, without notice at least, should be affected by such a colorable proceeding as this. If the bill of sale would be good after permitting the use of the property in the vendor for a month, for instance, it would be equally so ad infinitum. If the bill of sale is not good against creditors for the want of a bonâ fide delivery at the time it was made, it cannot become so afterwards.
In the preamble to the Act of Assembly, which directs the registration of bills of sale, it is stated that creditors and others had been injured by secret deeds of gift, or bills of sale for slaves, to remedy which it requires that they shall be registered or be void. This act must necessarily apply to persons who should become creditors after the execution of such bills. The act clearly designs that notice shall be afforded by registration. It would be absurd to suppose that it is designed to make this operate as notice of a fact before its existence, with respect to previous creditors. It is therefore clear that the case of creditors at the time of the execution of the bill must be the same that it was before *Page 100 
the act; besides, it cannot be supposed that the legislature, in an act designed to protect creditors, would affect them with notice of a transaction, which it was impossible for them to know at the time of contracting their debts. What would be the situation of creditors becoming such after the execution of a bill of sale unaccompanied by delivery of possession, and previous to registration, it is not now necessary to determine, — the act seems to relate to subsequent creditors.
This act, therefore, cannot affect the case before the Court in any way whatever, but leaves the case of Edwards v. Mercer's Executors to operate with all its force upon it.[1]
[1] 1 Cranch, 310; 3 Will. ed. Bac. 312; contra,
5 Johns. 258.
[2] See 3 Wil. ed. Bac, Ab. 313, n.
[1] Vide Hamelton v. Kussell, 1 Cranch, 309; 3 Wil. ed. Bac. Ab. 312, in n. acc.