*605 OPINION of the Co'irt, by
Ch. J. Boyle.
This was an action of detinue for a slave. On the trial it appeared, that on the,9th of July 1810, Henry Harrison executed to the plaintiff, an absolute bill of sale for the slave in question, which on the 2d of February 1 B i 1, was acknowledged and recorded- The slave remained in the possession oí the vendor, until the 6th of October, 1810, when he sold her to Richard B. Bohannon, for S 160, being about her value at that time ; that within four or five days after the sale to Bohannon, the slave was seen in his possession, and has remained with him, and those claiming under him ever since.
Whereupon the defendant by his counsel, moved the court to instruct the jury, that the bill of sale from Harrison to the plaintiff, between, its execution and delivery and the acknowledgement thereof Was not binding and obligatory, and that it had no force or effect as to subsequent purchasers, until it was acknowledged and recorded ; and the court being of that opinion, so instructed the jury ; to which opinion of the court the plaintiff excepted, and a verdict and judgment having been given against him, he has appealed to this court.
If bv being recorded within the- time prescribed by the act against f rauds and perjuries, the bill of sale from the vendor to the plaintiff would thereafter have been valid against purchasers, we would have thought it no less ao before it was recorded, as that was in this in *606 stance done within the time limited by the statute. la this respect we differ from the opinion of the court below, as stated in the bilí of exceptions. But this differ-encejof opinion is wholly immaterial; for notwithstanding the bill of sale was recorded, it was fraudulent and void as to purchasers. That a conveyance may be fraudulent although it be recorded within the time prescribed by the statute, is evident. The provision relied on for the protection of the bill of sale in this case, does not declare that a conveyance by being recorded shall be valid, but that it shall be deemed fraudulent xvithin the act unless it be recorded. Thus clearly, while it makes the failure to record a conveyance of the description therein mentioned within the time prescribed, a positive criterion ol fraud, at the same time it leaves such conveyance open to the charge of fraud by proof aliunde.
Besides, it seems the better construction of the provision alluded to, that it does not comprehend absolute bills ol sale, so as to protect the tule as valid when separated from the possession, provided, the conveyance be recorded within the proper time. Such was the opinion of the supreme court of the United States, in the case of Hamilton vs. Russel, 1 Cranch 309, with respect to the same provision in the Virginia statute.
The correctness of the instruction given by the inferior court to the jury, depends therefore upon, the question, whether where the sale of a chattel is unaccompanied with possession, that circumstance is to be treated as only a badge or evidence of fraud to be decided by the jury, or as constituting in point of law an actual fraud, which renders the transaction as to purchasers or creditors entirely void.
In the case ol Hamilton against Russel before cited, the supreme court-of the United States determined that an unconditional sale, where the possession does not accompany and follow the deed, is with respect to creditors and purchasers a fraud per se, and should be so determined by the court. The distinction there taken and which seems to be well supported, by both the ancient and modern decisions of the English courts, is between a deed purporthig on the face ot u tobe absolute, so that the separation ot the possession fiom the title is incompatible with toe d< ed itself, and a deed made upon condition which does not ert’th the vencl-e to the immediate possession.
*607 In ibe former case, where theie is nothing hut the absolute conveyance, without the posse>s>tou, that in point ot law is held to be fraudulent. This construction of the statute is ceitainh the tv it cab ulatec! to protect the interest oí f.rtdrois end pur.-Lisct-, from fraudulent conveyances, and whatever might have been our opinion of this doctrine had it be&n a new one, we feel ourselves bound upon the score of authority to adopt it a* correct.
The judgment must be affirmed, with costs.