Taylor, C. J.
The bill of sale purports fb convey ⅜⅛ absolute property in the slave, while, by a separate deed made at the saihe time, the title of the Plaintiff is liable to be defeated, upon Bryant's' paying the amount of the judgments. To separate the defeazance from the deed, is always a suspicious circumstance.† . Both deeds were registered within the time required by law, vet the latter not being registered until the moment of trial, is strongly indicative of a wish in the parties to cover half the transaction with tfie veil of secrecy. This is one of the badge® of fraud in Txvyne's case.‡ The Plaintiff may be consi* dérerl in the light of a creditor of Bryant's who, by being permitted to retain the possession contrary to both deeds, Was thus enabled by the Plaintiff to gain a delusive ere* dit, and thereby impose on third persons. From these special circumstances in the caste.‘my opinion is’J that tfi'e Plaintiff is not entitled to'recover ; for, had the transaction been fairly designed, it would have been perfectly easy tó baVe aecompFished every justifiable object, and to have provided, at the same time, for Bryant's ^njoyment of the property*
I must acknowledge, that my mind hesitates in adopt-fng the rule in the" extent it is laid down $t the bar, angí as' it is supported by respectable authorities, both British and American, that where possession does-not accompany and follow the deed, it is fraudulent in law. Nor can I reconcile with that rule, the case of Kidd v. Rawlinson,§ where the title was in one person and the possession in another, yet it was left to the jury to decide, Whether, unilerallthe circumstances, the transaction was .'frauda**" *171 tent? Lord Elden, in giving his opinion in that case, cites Buller’s Nisi Prius, 258, and adopts the dqctrine, ■“ the donor’s continuing in possession, was not, in all cases, a mark of fraud ; as where a donor lends his donee money to buy goods, and at the same time, takes a bill of sale of them for securing the money.” Thefe were certainly many stfong circumstances in the case, tending to show that the transaction was fair, and that third persona could not be imposed upon by it; but if such circumstances can be enquired ipto, it proves that the terms, ini which the rule is laid down in the cases cited, are too unqualified.
Daniel, J.
The bill of sate made by Bryant Jo Gaither, and the bond bearing even date with it, which was executed by Gaither to Bryant, conditioned to re-convey the negro on Bryan?s saving him harmless by paying the judgments which Pearson had obtained against Bryant, was, as between the parties to it, a mortgage, and as to them, it was quite immaterial whether the had been registered or not.*
But, as the bill of &ale Was absolute on its face, and recorded in this situation, without the defeasance, it is to be considered by all the rest of the world, as absolute« Were that not the case, it,would, in numberless instances,, place creditors and purchasers in great perplexity and difficulty.', It is more consonant to justice, that he who would take a bill of sale, in the way the'Plaintiff did in this case, should sustain the loss, than a bona fide purchaser under an execution, or from' the vendor himself | who has been permitted to retain the possession.
To all the world but the parties, this bill of salé must be considered absolute;'and, as the property did not follow and accompany the deed, the transaction is perse fraudulent.† As the act was fraudulent, and void to all persons who were not parties to it, the circumstance of *172 the D'eféndánt’s- having notice of both the bill of salé a«€ bond to re-convey, can make no diíferenée.
Rufi-in, J.
I do not think it necessary to decide &e question raised in this cause, whether the^possession of a chattel remaining in the mortgagor after the execution of a mortgage, constitutes, per se in point of law, a fraud ; as Í am of opinion that we are not to look upon this transaction as a mortgage. Between the parties to it, I suppose it would be such; but as to third persons, it clearly i^ not: The deed is absolute upon the face. In that shape, it is spread on record; the public see it so, and know, and can know nothing to the contrary ; because the bond or defeasance, as it is called, is not an instrument, which the law directs or authorises to be registered. It is concealed, until the party is compelled to produce it, by a seizure of the goods by a creditor. It then comes to light, and contradicts what the deed has before said. Surely such a contrivance fo£ entrapping innocent people, cannot be supported, under the notion that it forms a mortgage. In these two papers, different languages - are spokenboth cannot be right:—one of them must be false ;—and take which you will, it equally is a fraud. This defeasance, to my mind, instead of making the vendor’s possession consistent with his deed, and thereby fair, evinces his guilt,-—by making it more difficult to detect the fraud. It is a cover to a foul transaction, and not the evidence of a fair one. Even if the parties clearly intended a mortgage, they have so framed it, that to the world, it tells a falsehood ; and the truth only to themselves. It is too late to disclose the truth, after the injury arising from the secrecy has been sustained. But it is said, that the Defendant had notice of these deeds. That makes no differencb» The law makes the deed void; and what is void, may tafeen advantage of by ail of Bryant’s■ creditors.
*173 ' -Taking Ae deed to -be absolute, upon Ae authorities cited by my Brother Daniel, and the case of Hamilton v. JSussell,* it is fraudulent in law, and ought so to have , been pronounced by the Court.
Wherefore, there must be a nonsuit.
The rest pf the Court concurred.

 Cockrell a Purchase, Farrest. 61.

 Twyne's case, Moore 638

 Bos. & Bull. 59

 Erskine v. Townsend, 2 Mass. T. R. 494.

 2 Term 587

1 Cranch 309
4 Binney 258.
9 Johns. 339.

1 Cranch Rep.