Opinion of the Court.
THIS is an appeal by the plaintiff, from a judgment for the defendant, in an action of trespass, for taking and carrying away a negro woman slave named Rhoda, alleged by the plaintiff to be his property. It appears from a bill of exceptions taken by the plaintiff on the trial in the circuit court, that the defendant, as sheriff, had taken and sold the slave in question, as the property of Henry C. Clay, in virtue of sundry executions against his estate, and that the plain *242 tiff claimed title under Clay, in virtue of the following bill of sale :
“ In consideration of five hundred and fifty dollars, to me in hand paid, I have this day sold unto Charles Grimes, three negroes, named Rhoda, Thena and Kizzar, which I will deliver when called on, and will warrant and defend them against the claim of all persons whatsoever. Given under my hand and seal, this 28th day of November 1814.
HENRY C. CLAY.”
The execution in virtue of which the slave was taken and sold by the defendant, did not issue until the year 1818. In the mean time, Clay had for a while retained the possession of the slave ; and, as to the residue of the time, whether the possession was in the plaintiff or in Clay, who was the son in law of the plaintiff, and resided on his farm, the testimony is ambiguous and contradictory.
The circuit court, on the motion of the defendant, instructed the jury, that the bill of sale was an absolute one, and if they found, from the evidence, that the possession did not accompany the sale, but remained with the vender, it was fraudulent, per se, and void against creditors and purchasers. Whether this instruction is correct or not, is the only question the record presents.
It is perfectly clear, that the bill of sale is, as the court instructed the jury, an absolute one. It was an executed, and not an executory contract, and transferred the immediate property of the slave, subject to no condition. The stipulation on the part of Clay, that he would deliver the slaves when called on, cannot, as was supposed in argument, make the sale conditional. It, in truth, produces no effect ; for, being but the expression of that, which the law without it would have implied, it can have no operation. If, then, the deed be absolute, and the possession did not go with it, but remained in Clay, which, from the nature of the evidence, was properly left to the jury, it will follow, that the deed was fraudulent per se, and void as to creditors and purchasers. Upon this point, the cases of Hamilton vs. Russell, 1 Cranch 309, and of Dale vs. Arnold, 2 Bibb 605, are perfectly conclusive.
Judgment affirmed with costs.