## LEWIS WHEELER *versus* ISAAC TRAIN.

Where a debtor in failing circumstances agreed to convey furniture in part payment of a debt, and at the same time stipulated with the creditor to have a lease of it for a year, and the transfer and lease were accordingly made, it was *held*, that this was not conclusive evidence that the sale was fraudulent as against other creditors.

Such vendee cannot, pending the lease, maintain replevin, nor any other action, against an officer who attaches the furniture as the property of the lessee.

In such an action a plea by the officer that the property was in the lessee when he attached it, without setting out his title specially, is good after verdict; and so (per *Wilde* J.) *it seems* upon demurrer.

THIS was an action of *replevin* for certain household furniture. The defendant pleaded that the property in the furniture was in John Wheeler, when he as a deputy sheriff attached it for some of the creditors of John Wheeler. The plaintiff replied property in himself, and issue was joined thereon.

At the trial, before *Putnam* J., it was proved by John Wheeler, that Lewis Wheeler was his creditor upon notes of hand given for money borrowed ; and it was agreed between them, that the furniture should be appraised, and that John should convey it to Lewis absolutely, and that Lewis should allow the amount for which it should be appraised, on the notes, and should give a lease of the furniture to John for one year. Accordingly, an appraisement and a bill of sale were made, and the amount of the appraisement was indorsed on the notes. A chair was delivered before witnesses as and for a delivery of all the furniture, and a lease was then made by Lewis to John for one year, according to the agreement, at a rent of 90 dollars a year, payable semiannually ; and John

---

[1] See 1 Powell on Mortg. (Rand's ed.) 254 *a*, note 1.

remained in possession of the furniture until the defendant attached it, which was within a year from the date of the lease. The witness also testified that the bargain was a fair one, and that the sale was unconditional, as the paper purported.

There was evidence tending to show that the transfer was made to delay or defraud creditors, and evidence on the part of the plaintiff tending to rebut it; concerning which no question arose.

The defendant contended, that upon the testimony of John Wheeler the conveyance was void as against his creditors, because it contained evidence of a secret trust and advantage which were reserved for him in the agreement for, and the lease of, the furniture. But the jury were instructed, that if they believed that the transaction was *bonâ fide*, and that the plaintiff paid the fairly appraised value of the furniture, and that the bill of sale was made pursuant to the agreement for the purpose of extinguishing so much of the debt due to the plaintiff, and also for the purpose of obtaining a lease of the furniture, it was not *per se* conclusive evidence of such a trust or benefit for John Wheeler as would render the sale void as against his creditors ; that it made no difference in law whether the agreement for the lease were made before the bill of sale or after, if the jury believed that the agreement in itself was fair, and the bill of sale and delivery and lease were made fairly in execution of the agreement and with no intent to delay or defraud creditors.

The defendant contended also, that John Wheeler was lessee for the residue of the year of the furniture attached, and that therefore the verdict should be that the property was in him, but the jury were instructed otherwise.

These points were intended to be reserved for the opinion of the whole Court, and the verdict, which was for the plaintiff, was to be subject to that opinion.

*Hoar* for the defendant. The Court have decided that a vendor's remaining in possession is not conclusive evidence of fraud. This case however goes much further. The question here is, whether a debtor, being insolvent, can make a bargain with an existing creditor for a sale of goods, reserving a right to a future use in himself. In *Northampton Bank* v

*Whiting*, 12 Mass. R. 110, it is said, that "fraud which vitiates conveyances consists generally in an intention to secure, by the conveyance, some interest in the property to the grantor, or some future right in it." The conveyance in question comes within this very accurate description of fraud. If this transaction can be supported, the vendor may stipulate for the use of the goods for any number of years. In *Sturtevant* v. *Ballard*, 9 Johns. R. 341, *Kent* C. J. takes the distinction of the sale's being made to a *creditor*, and cites *Kidd* v. *Rawlinson*, 2 Bos. & Pul. 59, and *Meggot* v. *Mills*, 1 Ld. Raym. 286. Why should not this transaction be considered fraudulent, in like manner as it is held fraudulent in a creditor signing a bankrupt's certificate, to stipulate for the payment of more than his dividend? It is not a sufficient answer, that the value of the furniture was indorsed on the notes. The debtor was taking an undue advantage.

The plaintiff cannot maintain replevin, because he had not a right to the immediate possession when his suit was commenced. *Gordon* v. *Harper*, 7 T. R. 9 ; 1 Chit. Pl. 159.

*Fay*, contrà. The issue is, whether the general property was in the plaintiff, and the jury have found that it was. The defendant might have pleaded a special property in John Wheeler and thus have defeated our action for a few days, but on the issue joined evidence of the outstanding term was inadmissible, except to prove fraud. By taking more than the special owner had, a trespass was done to the general owner.

As to the conveyance, it was only giving a preference to one creditor over another. It is not found that an agreement to make the lease was a condition of the sale, but it is apprehended that the debtor had a right to stipulate for a compensation for giving such preference. To make the conveyance void there must be a secret trust, a sham sale. Here every thing was open and *bonâ fide*.

WILDE J. delivered the opinion of the Court. As to the first question made in this case, in relation to the validity of the sale, we think the jury were rightly instructed. The possession of the vendor after the sale, is not a conclusive badge of fraud. It may be so when unexplained, but it is always open

257

*Oct.* 17*th.*

Wheeler
v.
Train.

to proper explanations. It is evidence of fraud, and not fraud *per se,* and so it has always been considered in this Court [1] We think also that the explanation in this case is satisfac-

[1] The doctrine of the text seems to be countenanced by the following English authorities. *Eastwood* v. *Brown,* Ryan & Moody, 312; *Wooderman* v. *Baldock,* 8 Taunt. 676; *Martindale* v. *Booth,* 1 Barn. & Adol. 498; *Storer* v. *Hunter,* 3 Barn. & Cressw. 368; *Latimer* v. *Batson,* 4 Barn. & Cressw. 652; *Irons* v. *Smallpiece,* 2 Barn. & Ald. 551; *Steel* v. *Brown,* 1 Taunt. 381. It has been adopted in the State of Maine; *Ulmer* v. *Hills,* 8 Greenl. 326; *Reed* v. *Jewett,* 5 Greenl. 96; *Holbrook* v.'*Baker,* 5 Greenl. 309 : — In New ·Hampshire ; *Lewis* v. *Whittemore,* 5 N. Hamp. R. 364; *Haven* v. *Low,* 2 N. Hamp. R. 13; *Coburn* v. *Pickering,* 3 N. Hamp. R. 415 : — In Connecticut, with some limitations; *Ingraham* v. *Wheeler,* 6 Connect. R. 277; *Talcot* v. *Wilcox,* 9 Connect. R. 134; *Swift* v. *Thompson,* 9 Connect. R. 63; *Toby* v. *Reed,* 9 Connect. R. 216: — In New York ; in *Bissell* v. *Hopkins,* 3 Cowen, 166; see also *Divver* v. *M'Laughlin,* 2 Wendell, 599; *Jackson* v. *Timmerman,* 7 Wendell, 436; *Wilcox* v. *Wood,* 9 Wendell, 346: — In North Carolina; *Howell* v. *Elliott,* 1 Badg. & Dev. 76; *Vick* v. *Kegs,* 2 Haywood, 126; *Falkner* v. *Perkins,* 2 Haywood, 224; *Smith* v. *Niel,* 1 Hawks, 341; *Trotter* v. *Howard,* 1 Hawks, 320 : — In South Carolina; *Terry* v. *Belcher,* 1 Bailey, 568; *Smith* v. *Henry,* 2 Bailey, 118. The court of Ohio seems to approve of the same doctrine, in *Barr* v. *Hatch,* 3 Ohio R. 529. So the court of Tennessee ; *Callen* v *Thompson,* 3 Yerger, 475. The same has been reasserted and maintained in many cases in Massachusetts; *Adams* v. *Wheeler,* 10 Pick. 199; *Ward* v. *Sumner,* 5 Pick. 59; *Shumway* v. *Rutter,* 7 Pick. 56; *S. C.* 8 Pick. 443; *Holmes* v. *Crane,* 2 Pick. (2d ed.) 612, note 1; *Gould* v. *Ward,* 4 Pick. 104; *Ward* v. *Gould,* 5 Pick. 291; *Flagg* v. *Dryden,* 7 Pick. 52.

A contrary doctrine seems to have received the approbation of the Supreme Court of the United States, in *Hamilton* v. *Russell,* 1 Cranch, 309; and of the U. S. Circuit Courts of Pennsylvania and Massachusetts, in the *United States* v. *Conyngham,* 4 Dallas, 358; *Phettiplace* v *Sayles,* 4 Mason, 321, 322. But see *Conard* v. *Atlantic Ins. Co.* 1 Peters's Sup. Ct. R. 449; *De Wolf* v. *Harris,* 4 Mason, 515. — So of the courts in Virginia; *Clayton* v. *Anthony,* 6 Randolph, 285; *Land* v. *Jeffries,* 5 Randolph, 211; *Robertson* v. *Ewell,* 3 Munf. 1; *Alexander* v. *Deneale,* 2 Munf. 341 : — In Pennsylvania; *Dawes* v. *Cope,* 4 Binn. 258; *Babb* v. *Clemson,* 10 Serg. & Rawle, 419; *Shaw* v. *Levy,* 17 Serg. & Rawle, 99; *Hower* v. *Geesman,* 17 Serg. & Rawle, 251; *Levy* v. *Wallis,* 4 Dallas, 167 : — In New Jersey; *Chumar* v. *Wood,* 1 Halsted, 155; but see *Mount* v. *Hendricks,* 2 Southard, 738 : — In Kentucky; *Baylor* v. *Smithers,* 1 Littell, 111, 112 : And in Vermont; *Boardman* v. *Keeler,* 1 Aiken, 158; *Mott* v. *M'Niel,* 1 id. 162; *Weeks* v. *Wead,* 2 id. 64; *Fletcher* v. *Howard,* 2 id. 115; *Beattie* v. *Robin,* 2 Vermont R. 181; see *Harding* v. *Jones,* 4 Vermont R. 462.

In *Jackson* v. *Timmerman,* 7 Wendell, 436, it is held, that there is no such thing as *fraud in law,* as distinguished from *fraud in fact;* what was formerly considered as fraud in law, or conclusive evidence of fraud, and to be so pronounced by the court, is now held to be but *primâ facie* evidence, to be sub-

tory.  As a debtor may mortgage his property to his creditor, and retain possession until condition broken, if such is the agreement, we can perceive no good reason why he may not stipulate for possession for a given time, when the sale in other respects is absolute, provided there is no fraud or concealment.  And certainly none appears by the evidence.

But the other objection to the plaintiff's title is insuperable. At the time of suing out the replevin the plaintiff had no right of possession, and consequently no right of action.  No tortious taking or detention has been proved.  The lessee during the lease was entitled to the beneficial use of the property ; and this right was liable to attachment, and to be sold on execution. The defendant was therefore in the rightful possession of the property, and is not liable either in replevin, or in any other action.

The case of *Gordon v. Harper*, 7 T. R. 9, is a strong authority on this point, and the reasoning of the court is entirely satisfactory.  That case was trover, but we think that the action of replevin depends upon the same principles.  During the continuance of the lease the property is in the lessee, and the lessor has only a reversionary interest.  But to maintain replevin or trover the plaintiff must have the right of property, including the right of possession, at the time of taking, or at the time of suing out his writ.  Co. Lit. 145 *b*.  A reversionary interest is not sufficient ; for if the defendant in replevin has the right of possession, the caption cannot be tortious.

The objection made to the plea is certainly not good after verdict.  If it were necessary, by the strict rules of pleading, for the defendant to set out his title specially, the objection should have been made on demurrer.  I am of opinion that the plea would be held good on demurrer, but without determining this point, it is clear that the objection comes too late.  If a title is defectively set out the defect is cured by verdict. The defendant is entitled, on the principles laid down, to a verdict in his favor and judgment accordingly.[1]

mitted to and passed upon by the jury.  See also *Seward* v. *Jackson*, 8 Cowen, 448, 454; *Jackson* v. *Peck*, 4 Wendell, 303.

[1] See Howe's Pract. 78.