Judge Robertson
delivered the opinion of the Court.
These are two suits in chancery, which were consolidated in the circuit court.
The first was a bill, filed by Ward, against Head, Hobbs & co., and their trustees, to set aside a deed of trust, executed to them, by Laws, for several slaves' to" secure debts.
The other was a bill exhibited by a part of the firm of Head, Hobbs & co., vs. the other members of the *281 íirm, and the trustees, and against Laws and Ward, to enforce the sale under the deed of trust, or some of the slaves which remained unsold, and a contribution of their share of the proceeds of the sale of others that had been sold by the trustees.
Dates of Heeds of trust to Head, Hobbs & Co. Ward’s claim Decree of the circuit court.
The rule, that if possession remains with the gantor, iii am absolute deed or bill of sale, such deed or bill of sale is fraudulent, per se, as to purchasers & creditors, does not apply to mortgages, deedá of trust, or conditional sales.
The deed of trust, for the benefit of Head; Hobbs, & co., was executed in October, 1818, and recorded in January, 1819.
Ward claims the slaves included in this deed of trust. His claim is founded on deeds of trust, and bills of sale, of a date, posterior to the registration of the deed to Head, Hobbs & co.
He charges, that the deed to Head, Hóbbs & có. is fraudulent in law; and in fact. The circuit court dismissed the bill of Head and Hobbs, and decreed in favor of Ward on his bill, $1153 12 cents ágainst Head, Hobbs & co., for the slaves sold by them.
This decree cannot be sustained.
The deed to Head, Hobbs, ifcco., was not fraudulent, per se, as the counsel for Ward supposed. The cases cited by them; do not apply to this deed. They only decide, that the vendor retaining the possession of property; the tile to which had been transferred to another, by a deed or bill of sale absolute on its facéis,per se, fraudulent as to creditors and purebacers. This doctrine is indisputable. It is, because the possession is incompatible with the writing, that the fraud is inferred by the law. Bu fc it applies to personal property: it is not as an inflexible rule, applicable to real estate because the possession is not the best evidehce of title to real, as it is of right, to personal property. Besides, if the rule applied to real estate, Its reason does not exist when the deed is conditional; such as a mortgage or deed of trust. The possession never accompanies siich deeds as these, unless (which is seldom the cáse) there is an express agreement to that effect. The conveyance is considered as a collatteral security, and the title is virtually in the conveyor, until foreclosure or sale. The possession by the mortgager of mortgaged property, after the daté &f the mortgagees not; per se, fraudulent; and the samé *282 principle applies to deeds of trust. We know that Kent, in his Commentaries, suggests a different opinion. But our respect for this eminent jurist, will not justify a reversal of the long established law. We consider the doctrine so well settled here by adjudications, as well as by a correspondent practice, that we do not deem it necessary to employ the arguments, that might be very forcibly urged, or to give an analysis of the cases reported, to prove that the possession of thé mortgagor, is not, “per sef fraudulent; such possession, before forfeiture, cannot be construed to be fraudulent, because it is consistent with the title; that not vesting until forfeiture. Nor can a continuation of the possession, after a breach of the condition, of itself unconnected with any other circumstance of lapse of time, or the conduct of the mortgagee, be considered a strong badge of fraud. The deed is still a mortgage; the right of the mortgagee is still contingent and collatteral; and the possession of the mortgagor, is not necessarily inconsistent with the title. We do not know why it should be feared, that a possession by the mortgagor, either before or after forfeiture, would give him a credit more delusive, than that of the mortgagee, would extend to him. The deed is recorded, and is notice to the world. Neither the mortgagor nor mortgagee, can convey the absolute title. A .purchaser of such title from the mortgagee, would be as much deceived, as if he had purchased from the mortgagor. In the one case, he would be liable to loose the property, on the payment of the mortgage debt; in the other, he could not hold it without discharging the debt. Who then would be most likely to be deceived by a delusory possession; a purchaser from the mortgagor, or one from the mortgagee in possession? • If we should adjudge the possession of the mortgagor, abstracted from any other facts, to be intraversable evidence of fraud, or in other words, “fraud in law,” such a sentence (it seems to us,) would be a legal fraud, on the rights of the citizen, and on the common sense of society.
We should not have noticed this subject, if it had not been the occasion of earnest argument by counsel in this case; and we shall pursue it no farther, except *283 to refer to a very few of the host of-authorities, in port of the position, which we maintain. See Robards on Frauds, 560; Cadogan vs. Kennet; Cowper, 432; Hamilton vs. Russell, 1 Cranch, 309; M’Gowan Hoy, 5 Littell, 243.
Possession of mortgagor, is not, per sei fraud” when mortgage, or °.ther condiiiTthe*3 beginning, it will continue good, in law, notwiihstendP°s“ mortgagor or vendor.8
Heed of &eoo’dedar ed vaiid. Hqv.ing been recorded in ThTnecessity of actual notice,
An act of the ^ich *0*1 rates upon" vested rights, °ruP°n°on3pectíve, unless expressly *° “^ra' ^old^if itirij-' pair the obligation of contraéis.
*283 The eases relied on by K.ent,.are post-revolutionary, and not only will they (when all of them, are collated), not sustain him, but he is overruled by the supreme court of his ow n state.
A mortgage or other conditional sale, being good at the commencement, without a transfer of the posSession to the mortgagee, or vendee, it will, in law, continue so, notwithstanding the retention of the possession by the mortgagor or vendor, after forfeiture; lady Lambert’s case, Touchstone, 65.
The possession of .the mortgagor or vendor, on condition, might be characterized by such circumstances, as would establish fraud conclusively, as in the cases, of Pitts vs. Viley, and, many others reported. Buts'.in the abstract, it is not fraudulent.
The facts of this case, according to our construction of them, will not authorize us to decide, that the deed of trust to Head, Hobbs &co., is fraudulent either in law or in fact. This deed having been recorded in proper time, it is immaterial whether Ward had, or had not actual notice of it. But the fact, that he, far the same debt, obtained two deeds of trust, and afterwards, a bill of sale for the same property, and took it into possession, is strong, intrinsic evidence of his actual notice, and that he relied on the possession.
The decree in favor of Ward, must be, and is reversed.
It results from the foregoing opinion, that there was error in the dismission of the bill in the other case, The complainants, were entitled to relief. The sale by the trustee in January 1820, was without a decree of court; but it was made with the assent of Laws. And if it had not been, it could not be objected to by him, or his heirs, merely because there had been no decree on the deed of trust. The act of 1819; which requires such a decree,must be construed to be pros *284 pective. Acts of the Legislature, which operate or vested rights, or on contracts, cannot be retroactive, unless they are made so expressly; and even then, they will be inoperative, so far p.s they might impair the legal obligation of contracts. A decree therefore in this case, was not pecessary to give validity and effect to the sale. And we are not allowed by the evidence to vacate the -sale, for imputed fraud.
Denny, for plaintiff; Crittenden and Richardson, for defendant.
Wherefore the decree in this case is reversed also, and both cases are remanded for such decrees to be rendered, as shall be just and equitable according to the principles, of this opinion.