Green, J.
delivered the opinion of the court.
We shall not notice the evidence, or consider how far the proof may go to show the existence of fraud in fact. The charge of the judge narrowed down the enquiry of the jury to the simple fact, whether possession accompanied and followed the deed. If it did not, he told the jury that it was fraud per se. This question is one of great moment to society. The rights of creditors on the one hand, and of purchasers, for a full and fair consideration from a person indebted, on the other, are deeply involved in its decision. Until the case of Edwards against Harben, executor of Mercer, (2 Term Rep. 587) it had been considered in some of the cases, lhat the sale of a chattel, unaccompanied by the delivery of possession, was an evidence of fraud to be left to a jury, under the direction of the court, and not as constituting in itself, in point of law, an actual fraud, which rendered the transaction as to creditors entirely void. In that case, the court take up the question and decide, with the concurrence of all the judges of England, that unless possession accompanies and follows the deed, it is fraudulent and void. That case has been generally followed in England; but in the case of Steward against Lambe, (1 Brod. and Bing. 506) decided in 1820, the rule is relaxed, the court holding the possession of the vendor to be only presumptive evidence of fraud: thus shaking the authority of the case of Edwards against Harben.— The supreme court of the United States, in the case of Hamilton against Russell, (1 Cranch 309,) following the case of Edwards vs. Harben, decide the same principle. *477 The intent of the statute of frauds, they say, is best promoted by this construction. The old superior court of this state, in Ragan vs. Kennedy, (1 Tenn. Rep. 91) intimates the same opinion. These cases have been pressed upon the court by the counsel for the defendant in error, with great force, as being authoritative upon this court. It is argued too, that the rule is salutary and just, and comports with the intent of the statute of frauds. This court cannot but feel great reluctance to dissent from these high authorities; but in the state of New York, where the courts have followed the English law probably more closely than in any other state of the union, the authority of this rule has been shaken, and a different one established. It has been there held, that where the possession does not accompany and follow the deed, it is only strong prima facie evidence of fraud.—This was the doctrine in the case of Beals vs. Guernsey, (8 John. Rep. 348.) The court say, “the non-delivery of the goods at the time of the sale, is of itself a circumstance of fraud, as was stated in Twiyne’s case, (3 Co. 80 b.) but it is only prima facie evidence of fraud, and the circumstance may admit of explanation.” It might however be inferred from the case of Sturtevant vs. Ballard, (9 John. Rep. 337) that the strict doctrine was adopted in that state; but the contrary has since been repeatedly held, and is now the settled law. Dickenson vs. Cook, 17 John. Rep. 334. Ludlow vs. Hurd et al. 19 John. 218: and the case of Bignell vs. Hopkins, 3 Cowan’s Rep. 166. In the other states of the union, some have adopted the strict, and others the more liberal rule. In North Carolina the more liberal rule has prevailed. Falkner vs. Perkins, 2 Hay. 224. Trotter vs. Howard, 1 Hawk. 320. Twiynes’ case (3 Co. 80 b.) has, we believe, been uniformly followed in North Carolina; and, so far as we know, has been understood to be the law in this state. This court, in the case of Burrows vs. Oliver, at Sparta, determined that the non-delivery of goods at *478 the time of the sale, was only prima fade evidence of fraud. That was the case of the purchase of a horse. A bill of sale was executed, absolute on its face, and the vendee immediately loaned to the vendor the use of the horse; and while thus in his possession, the horse was levied on and sold as his property. The vendee brought his action, and upon proof of the fairness of the transaction, he was permitted to recover. ¡ This rule, we think, comports best with the understanding and interest of society. It throws the onus of proof upon the vendee, and places it beyond the reach of probability, that cases of fraudulent sales, with this presumption against them, can be sustained before a jury. If the possession continue with the vendor, the presumption of fraud arises from this strong evidence of it; but it is a presumption which may be repelled by proof of fairness in the transaction, and a full and adequate consideration paid. We do not think that the danger of injury to creditors from the adoption of this rule would be considerable; and surely it would shock the common sense of mankind to say, that where a purchase had been fairly made, and a full consideration paid for the property, if the vendee venture to indulge a kind and benevolent feeling towards an unfortunate family, by permitting the property to remain a short time with the vendor, he shall not, in a contest with a creditor, be permitted to prove that the transaction was fair, but that the law will conclude him, and brand one of his best acts with the foul appellation of fraud. But it is said, let a condition be inserted in the deed. The motive (in fair transactions) to leave the property in the possession of the vendor, often arises from the situation of the family, brought to the notice of the vendee after the purchase and execution of the deed. Under these circumstances the purchaser yields to the influence of a generous and humane feeling, and it is enough for the security of creditors, to make his act a “strong evidence of fraud,” without saying by a posi *479 tive rule, that although he was not guilty of fraud in fact, yet he shall be held guilty by a conclusion of law. A majority of the courtis therefore of opinion, that this judgment be reversed, and that the cause be remanded to the circuit court of Franklin county, for a new trial to be had upon the principles of law as laid down- in this opinion.