HAMILTON (FELICHY v.). See Case No. 4,719.

## Case No. 5,981.
### HAMILTON v. FRANKLIN et al.
[4 Cranch, C. C. 729.] [1]

Circuit Court, District of Columbia. May Term, 1836.

SALE—RECORDED BILL OF SALE—SUBSEQUENT PURCHASERS WITHOUT NOTICE.

An absolute bill of sale of personal property, where the possession does not accompany and follow the deed, is void, at common law, as to subsequent purchasers without notice, although acknowledged and recorded agreeably to the Maryland act of 1729, c. 8, §§ 5, 6.

Detinue for a slave. Both parties claimed under one Howard; the plaintiff [William Hamilton] by virtue of a bill of sale made in

[1] [Reported by Hon. William Cranch, Chief Judge.]

Charles county, in Maryland, in 1829; the defendants [Franklin and Armfield] under a recent sale in Alexandria, D. C. The bill of sale to the plaintiff, which was absolute upon its face, was acknowledged and recorded according to the Maryland act of 1729, c. 8, §§ 5, 6, but the possession remained in the vendor until his sale to the defendants, who were bona fide purchasers, for valuable consideration, without notice of the plaintiff's claim.

Mr. Taylor, for defendants, contended that as the possession did not accompany and follow the deed, it was, in law, fraudulent as to the defendants. And of that opinion was the court (THRUSTON, Circuit Judge, contra).

CRANCH, Chief Judge, cited the case of Durham v. Ashton [Case No. 4,192], in this court, at November term, 1832, and stated that the ground of that opinion was that such a deed was void at common law, as decided by the supreme court of the United States in the case of Russell v. Hamilton, 1 Cranch [5 U. S.] 309; that the Maryland statute did not repeal the law in that respect, but was in affirmance of it; and that the acknowledging and recording of a deed void at common law, did not make it valid.