TUCKER, P.
The appellants’ counsel concedes that if, prior to the deed to Bon-naud, the executrix had not assented to the legacy of the term, the decree is right: but he contends that there was proof of that assent, in the payment of the legacy to Jasper Woodworth. I think not. The testator gave to Jasper Woodworth, during his natural life, “ fifty dollars per annum, to be paid out of the rent arising from the brick house.” This was an annuity or money legacy to Jasper Woodworth, chargeable upon the rents. It gave to him no estate in the lease. It did not make him tenant in common with Lucretia and Harriet, or with the former only. Por if it gave him title to any part of the lease, to -what portion had he title ? His legacy was fixed, while the rents * were variable. Hence one year he might have title to an undivided half, or indeed to the whole (if the rent did not exceed SO dollars), and the next year to only one undivided thirtieth, which was the proportion his legacy bore to the whole rent when the testator died. This would be absurd. He must therefore be construed to have a fixed annuity in money, payable out of the rents, and not an undivided part or interest in the term.
Such being the case, I cannot perceive how the payment of his annuity by the executrix can be taken to be an assent or the legacy to Harriet or to herself. His legacy was to be first paid out of the rents, and they were only to receive the residuum. It might therefore very well happen, that there might be enough to pay him, and nothing left for them. The executrix might, without a dev-astavit, pay him, if the residue of the rents would satisfy the debts. She might therefore willingly assent to his legacy, which was to be first paid, but be unwilling to assent to her own or to Harriet’-s legacy, as their portion might be necessary for payment of debts. I am therefore of opinion that, from the payment to Jasper Woodworth, we are not at liberty to infer an assent by the executrix to the legacies to herself and Harriet; and her subsequent sale very strongly fortifies the construction I give of her conduct.
The case of Young v. Holmes, 1 Str. 70, is by no means analogous to this. There the testator devised the term to the executor for life, he paying ^50. to another. This was not £SO. out of the testator’s funds, but £SO. of his own money. He paid it; and when he had thus paid the consideration, who could doubt his intention to take the term to himself ?
The case in Plowden 540, is one replete (as' is usual in that excellent work) with sound principles and good sense; but it is very different from the case at bar. The testator gave the rents and profits of a term to his executrix during his son’s minority, to educate his children, and the remainder to the son when he came of age. *Such at least was the construction given to the will. The executrix did support the children out of the lease, which she could not have done without a devastavit, unless by assenting to the legacy : and having assented to the particular estate to herself, it was taken to be an assent to the remainder to the son, who was obviously the favoured legatee. In this there is certainly no analogy to the case before us.
This view of the case renders it unnecessary to present at large some other considerations which weigh heavily against the appellants. The point on which their counsel now places their case is an afterthought. It is nowhere made in the pleadings, and the defendants have had no opportunity of controverting it. Moreover the great length of time (from 1810 to 1832) which has been suffered to elapse without the assertion of their claim, and the acquiescence in the sale by the executrix, have been well calculated to lull the purchasers into security, and to prejudice them unjustly if the pretensions of the appellant should be sustained. Lastly, although the doctrine is unquestionable, that the assent of the executor to a specific legacy vests the legal title in the legatee (1 Wash. 312 ; 5 Munf. 103, 175), yet I am by no means prepared to say that where the assent of the executor is by no act of notoriety, and the possession remains uninterrupted with him, a sale by him to a purchaser without notice of the assent shall be held void. On the contrary, I incline to think that upon the principle of Edwards v. Harben, 2 T. R. 587 ; Hamilton v. Russel, 1 Cranch 309, and other like cases, the assent should be taken to be void and ineffectual as to purchasers, where there is no change of *687 possession, and the executor continues to exercise acts of ownership and to dispose of the property, without opposition.
On the whole, I have no hesitation in affirming- the decree.
Decree affirmed.