The judgment of the court was pronounced by
Preston, J.
The defendant was indicted for the murder of Patrick C. Daley, on the 7th of October, 1848 ; was tried and convicted of manslaughter and has appealed to this court.
It appears, by his first bill of exceptions, that he offered to prove that the deceased Daley was a quarrelsome man, of violent temper, and dangerous when excited. The court rejected the evidence, stating that it would not justify Chandler in killing Daley. The Weight of authority is against the admissibility of such evidence, and the exception has been abandoned in this court. See 1 Whart. Crim. Law, 172. 1 Phillips Evid. 499. 1 Russell on Crimes, 700. State v. Tilley, 3 Iredell, 424.
The counsel of the accused requested the court to charge the jury, “ that to carry weapons, either concealed or openly, is not a crime in the State of Louisiana ; that the Constitution which guarantees to the citizen the right to bear arms cannot be restricted by the action of the Legislature.”
The act of the 25th of March, 1813, makes it a misdemeanor to be “ found with a concealed weapon, such as a dirk, dagger, knife, pistol, or any other deadly weapon concealed in his bosom, coat, or any other place about him, that does not appear in full open view.” This law became absolutely necessary to *490 counteract a vicious state of society, growing out of the habit of carrying concealed weapons, and to prevent bloodshed and assassinations committed uponunsuspecting persons. It interfered with no man’s right to carry arms (to use its words) “in full open view,” which places men upon an equality. This is the right guaranteed by the Constitution of the United States, and which is calculated to incite men to a manly and noble defence of themselves, if necessary, and of their country, without any tendency to secret advantages and unmanly assassinations.
The counsel of the accused obtained a bill of exceptions to the charge of the court, in which they deny the right of the judge to pass in review the facts, and to speak of the conflicting testimony when corroborated or contradicted, and especially to express to the jury his opinion that the prisoner is guilty.
In the charge to the jury, as subsequently reduced to writing by the judge, he certainly expresses himself strongly on the facts in saying: “ I have rarely known a case in which the crime of murder was more clearly brought home to the prisoner, and I cannot think you can entertain any reasonable doubt of his guilt.” Such strong expressions as to the guilt of the accused, coming with the weight of authority from the judge, in whom the juries habitually repose great confidence, are calculated to bias the minds of the jurymen, and may impair the right of the accused, guaranteed by the Constitution, to a trial of the issues of fact by an impartial jury. It would certainly comport more with our views of criminal trials for the judge in his charge to the jury to limit himself to a full explanation of the law of the case; to divest it of all in-elevant matter to be found in the pleadings, evidence, or arguments of counsel in almost every case ; to clearly sum up the evidence for the prosecution and the defence, and to omit any strong expressions as to the guilt of the accused. We think we may recommend this course without infringing the undoubted right of the. judge to express his opinion to the jury as to the weight of the evidence, and to comment thereon as much as he deems necessary for the course of justice. Whart. Crim. Law, 638. As the jury rendered a verdict for manslaughter only, we do not deem it necessary to comment further upon this part of the case.
The counsel of the accused requested the court to charge the juiy, that “when, from the nature of the attack, there is reasonable ground to believe there is a design to destroy his life, or commit any felony upon his person, the killing of the assailant will be justifiable homicide, although it should afterwards appear that no felony was intended.” The court refused to charge the jury as requested, and declared that the charge so requested was not law.
This was the charge given to the jury by Chief Justice Parker in the celebrated trial of Selfridge. It is strictly the law of self-defence, laid down by Russell, McNally and other elementary writers, and decided in many cases. East in his Pleas of the Crown, lays down the principle in these words: “A man may repel force by force in defence of his person, habitation or property, against one who manifestly intends or endeavors by violence or surprise to commit a known felony, such as murder, rape, robbery, arson and the like, upon either. In these cases he is not obliged to retreat but may pursue his adversary until he has secured himself from all danger, and, if he kill him in so doing, it is called justifiable self-defence.” He qualifies the principle substantially, as Chief Justice Parker did, that there must be actual danger at the time from the violence and a reasonable belief that a felony is intended.
If there be an actual physical attack of such a nature as to afford reasonable ground to believe that the design is to destroy life or to commit a felony upon the person assaulted, the killing of the assailant in such case will be justifiable homi *491 cide in self-defence. We are of opinion, therefore, that the charge asked in this case, and as given by Chief Justice Parker in the case of Selfridge, is the law of self-defence.
There has not been so much doubt as to the correctness of the principle as to its applicability to the state of facts established in Self ridge’s case; and therefore, the great effort of judges in trials for homicide should be clearly to point out to juries the state offfacts to which the principle is applicable, and that state of facts to which it is inapplicable; and in a case to which the principle is clearly inapplicable to decline giving it in charge to the jury at all, and for that reason alone.
To express our views in relation to the present case: if Daley actually attacked Chandler, and was beating his head against a brick wall so as to put his life really in danger, and Chandler then killed his assailant from absolute necessity to preserve his own life, the charge asked for was not only the law of self-defence, but was applicable to the case, and should have been given to the juiy by the court.
But if Daley was unarmed and sick, and only in consequence of a quarrel with Chandler’s wife the preceding evening, the latter was so enraged that he rushed upon and gave him four stabs with a Bowie knife, until then concealed in his bosom- — Daley being a perfectly passive'victim — the charge asked was entirely inapplicable, and should have been refused by the judge on account of its irrelevancy to the case.
We have no means of knowing what was the true state of the facts proved in the case, so as to judge whether the charge asked was necessary and relevant to the case, or only an abstract legal opinion. If the testimony given in the defence afforded a reasonable ground for asking the charge, the court erred in not giving it. If the state of facts proved was such as to render the charge entirely inapplicable to the case, the court should have refused it on that ground alone. 1 Cranch, 309, 318.
Even if the charge asked was an abstract principle of law, not applicable to the facts of the case, the court having erroneously stated to the jury that the principle was not law, they may have been misled by the error, and the better opinion is that the verdict should be avoided. Etting v. The Bank of the United States, 11 Wheaton, 59.
The judgment of the district court is reversed, and the case remanded for further proceedings, with directions to put the prisoner upon his trial for manslaughter alone, he having been substantially acquitted of murder, and with directions to the court in its charge to the jury to conform to the principles contained in our opinion.