## RICHARD CONWAY *vs.* BENJAMIN STRONG et al.

It is a settled rule, that in all cases where a party only secondarily liable on an obligation, is compelled to discharge it, he has a right in a court of equity to stand in the place of the creditor, and be subrogated to all his rights against the party primarily liable.

The right of subrogation is an inherent and natural equity growing out of the circumstances of the case.

As the creditor has merged the obligation in a judgment against the maker, he cannot deliver the security itself to the indorser, who has a right to be subrogated to the rights on the judgment against the principal, and enforce it. *Held*, that the demurrer to the bill ought not to have been sustained.

ON appeal from the northern district chancery court at Fulton; Hon. Henry Dickerson, vice-chancellor.

Richard Conway filed his bill in the vice-chancery court at ·Fulton, against Peter L. Parchman and others, praying to be substituted to a judgment in the circuit court of Monroe county in favor of William O. Cook, against G. & I. Wightman and Peter L. Parchman. To this bill the defendants demurred; the demurrer was sustained by the court, and the bill dismissed.

· The facts as presented by the bill are, that on the 29th December, 1838, G. & I. Wightman, with Peter L. Parchman as surety, made their writing obligatory to the said Richard Conway for the sum of sixteen hundred dollars, payable on the 25th December, 1840; that he on the same day indorsed it to Josiah N. Walton, who indorsed it to William O. Cook; that Cook instituted suit upon this writing obligatory against the original parties to it, at the spring term, 1841, of the circuit court of Monroe county, and obtained his judgment on the same; that the execution issued in this case having been re-

turned " no property," Cook thereupon sued him, Conway, as indorser, and obtained a judgment against him, which he afterwards satisfied.

This bill claims, that the relation of principal and security existed between Parchman and Conway; and that he, Conway, is entitled to be subrogated to all the rights of Cook, and to the benefit of the judgment in favor of Cook against Parchman.

*Lindsey & Copp*, for appellant.

*R. Davis*, for appellees.

Mr. Justice YERGER delivered the opinion of the court.

A judgment was rendered in favor of the holder against the makers of a bill single, upon which an execution was issued, and returned, " no property found." Suit was then instituted against Conway, as indorser of the bill single, and a judgment was rendered against him, which he has been compelled to pay. Conway then filed his bill in the vice-chancery court, praying to be subrogated to the rights of the creditor against the makers of the bill single, and for leave to enforce the judgment which had been rendered against them. The vice-chancellor sustained a demurrer to the bill, and ordered it to be dismissed.

Upon examining the elementary writers, and the decided cases touching the point presented by this case, we find the rule satisfactorily established, that in all cases where a party only secondarily liable is compelled to discharge an obligation, he has a right, in a court of equity, to stand in the place of the creditor, and to be subrogated to all his rights against the party primarily liable, as to any fund, lien, or equity, that the creditor may have against any other person or property on account of the obligation.

This right of subrogation does not grow out of any contract between the parties to that effect, but is an inherent or natural equity, growing out of the circumstance that the party secondarily liable has a right to call upon the party primarily bound to be reimbursed for every outlay he is compelled to make in discharging the obligation. 10 Johns. R. 534; 2 Pothier on Obli-

gations, 298; 8 Cond. Eng. Ch. R. 338; 6 Paige's Ch. R. 524; Story's Eq.

An extended reference to the authorities from which this principle may be deduced, we do not deem it necessary to make.

The complainant falls within the rule above laid down, and the demurrer to the bill should have been overruled. If the creditor, without suing the makers of the bond, had demanded payment of the indorser, he, on making payment, would have been entitled to possession of the obligation in order to recover upon it of the makers. But as the creditor has merged the obligation in a judgment against the maker, he cannot deliver the security itself to the indorser. We, therefore, think the indorser has a¹ right to be subrogated to his rights on the judgment against the principal, and to enforce it for his use.

Decree dismissing the bill reversed. Demurrer overruled, and cause remanded, with leave to defendants to answer.