Edwards *v.* M'Gee et al.

———◆◆———

## B. F. EDWARDS *v.* W. C. M'GEE, Ad'mr., et al.

LIMITATIONS, STATUTE OF: FRAUDULENT ASSIGNMENT.—A judgment incapable at law of being enforced, by reason of the bar of the Statute of Limitations, cannot be enforced in equity; hence, a suit by a creditor against the administrator and heirs of his debtor, seeking to subject to the payment of his judgment, property fraudulently assigned by the debtor to defeat his creditors, cannot be maintained if it be instituted after the lapse of seven years from the date of the rendition of the judgment. See *Vick* v. *Chewning's Ad'mr*.

APPEAL from the District Chancery Court, at Yazoo city. Hon. S. S. Wright, vice chancellor.

A statement of the case will be found in the opinion of the court.

*Thomas Botters*, for appellant.

*J. M. Dyer*, for appellee.

FISHER, J., delivered the opinion of the court.

The appellant filed this bill in the Vice Chancery Court, holden at Yazoo city, for the purpose of setting aside certain conveyances alleged to be fraudulent, and to subject the property therein named to the payment of the appellant's judgment against James G. M'Gee, deceased.

The judgment was recovered on the 26th day of April, 1839, in the Circuit Court of Holmes county, against the above named James G. M'Gee and others. It is averred that M'Gee, a few days before the recovery of the judgment, conveyed the property named in the bill, together with other property, for the purpose of screening the same from the payment of the complainant's judgment. That, as evidence of the fraud, the said M'Gee remained in possession of the judgment up to the time of his death in 1851. The bill then proceeds to state the manner in which the sale was made, without stating the special manner in which the property was sold and acquired by the parties who now claim title to the same; the transaction may be admitted to have been fraudulent at the time, and could have been, if the bill had been filed in due time, set aside. The bill further alleges that the judgment has been kept alive by executions regularly issued thereon. The bill appears to have been filed on the 11th of August, 1853.

A demurrer was filed in the court below, and was overruled. The chancellor, however, upon final hearing upon the merits, dismissed the bill. In determining whether this decree is correct, we have deemed it unnecessary to go beyond the point which might be considered on the demurrer, to wit: Was there at the date of the judgment, a valid subsisting judgment which could be enforced against James G. M'Gee's estate? This point has just been decided by this court in the case of *Vick* v. *Chewning's Ad'mr.*

Under the eighth section of the Act of 1844, Hutch. Code, 830, the judgment could not be revived, either against M'Gee's administrator or against his heirs at law. Nor could an action of debt be maintained thereon. Admitting, then, the nullity of all of the several conveyances set out in the bill, the same parties who hold under the same, would take the land in controversy as heirs at law of M'Gee; and if the judgment could not be enforced against them in this latter character, it is difficult to perceive how they are placed in a worse condition, merely because they claim under deeds alleged to be void. A court of equity can only lend its aid to enforce a judgment which could be enforced at law. The object of the bill is to subject this land to the payment of the judgment, because the title of the parties claiming is alleged to be void as to the judgment creditor. Admitting this to be true, the question is still whether, if the same parties took the land as heirs, could the judgment, by a legal proceeding, be enforced against them? This question requires no answer: the mere statement of the proposition suggests the answer.

Decree affirmed.