### SOPHIA A. FOX *v.* A. H. WALLACE & CO.

STATUTE OF LIMITATIONS: REVIVOR OF JUDGMENTS, ETC.—A judgment at law cannot be revived against the administrator or heirs of the debtor, after the lapse of seven years from the date of its rendition; nor can a bill in equity be maintained in such a case, to subject property fraudulently assigned by the debtor, to the payment of the judgment. The judgment being barred at law, cannot be collaterally enforced in equity.—See *Chewning* v. *Vick, ante,* p. 201.

APPEAL from the Superior Court of Chancery. Hon. Charles Scott, chancellor.

*D. Mayes*, for appellant,
Cited *Chewning* v. *Vick*, *ante*, p. 201.

*James Shirley*, on same side,
Cited *Edwards* v. *M'Gee*, *ante*, p. 143.

*T. A. Marshall*, for appellee.

HANDY, J., delivered the opinion of the court.

This bill was filed by the appellees in the Superior Court of Chancery for the purpose of setting aside a fraudulent conveyance of property, made by John B. Fox to the appellant, his wife, to defeat the payment of his debts, and to prevent the enforcement of a judgment in favor of the appellees against him.

The bill shows that this judgment was rendered in May, 1840, and that an execution was issued thereon, which was returned "*nulla bona*," in October, 1840, the defendants therein being Samuel J. Fox, who died many years ago, and John B. Fox, who died in 1852; that a second execution issued on the judgment on the 30th January, 1851, and was returned "*nulla bona*," and that no administration has been granted upon his estate. It then charges the facts constituting the alleged fraudulent conveyance to his wife, the appellant, and prays that the property thus fraudulently conveyed, be subjected to the payment of the judgment. The appellant filed a demurrer to the bill, which was overruled; and from that order, this appeal is taken.

The object of the bill is to enforce the judgment at law by the aid of a court of equity. If there be no judgment at law which could be enforced against the property, if unobstructed by the fraudulent conveyance, a court of equity could not grant relief to remove the obstruction created by that conveyance and in aid of the judgment at law. Under the decision of this court at the last term, in *Chewning* v. *Vick*, this judgment, not having been revived by *scire facias*, and being incapable of revival by reason

of the death of the defendants, and the lapse of time since the passage of the Act of 1844, was absolutely barred and extinct. No proceeding at law could be had to revive or continue it; and as the equitable remedy here sought, must be founded on the legal existence and validity of the judgment, there could be no remedy in equity to enforce such a judgment; for the limitation which bars the judgment at law and directly, must bar it in equity when attempted to be collaterally enforced.

Under the rule held in the above case, the decree must be reversed, the demurrer sustained, and the bill dismissed.