E. J. BOWEN et ux. v. J. A. HOSKINS, Admr.

1. CO-SURETIES — INTERPOSITION OF EQUITY IN FAVOR OF A SURETY AGAINST HIS CO-SURETY IN CERTAIN CASES. — Where one of two sureties has made, or is about to make, secret or fraudulent dispositions of his property, so as to throw the burden of the debt on his co-surety, the principal debtor being insolvent, a court of chancery, on the application of the surety thus endangered, will restrain such disposition, or relieve against it if made. The same aid will be afforded to a surety as against his co-surety, which will be granted to a surety against his principal in such case.

2. INJUNCTION — DISSOLUTION ON BILL AND ANSWER NOT DECREED WHERE JUSTICE REQUIRES INJUNCTION SHOULD BE RETAINED FOR THE COMING IN OF EVIDENCE. — A motion to dissolve an injunction, resting on the answer only, before the proofs are in, is addressed very much to the sound discretion of the court; and, where the ends of justice will be better subserved by retaining the injunction until complainant has a fair opportunity to take testimony, it may be done, indulging complainant in no unnecessary delay.

APPEAL from the chancery court of Lincoln county. PEYTON, Chancellor.

The opinion of the court clearly shows the facts of this case.

*Chrisman & Thompson*, for appellants,

Cited Coulson v. Harris, 43 Miss. 728 ; Rev. Code, 1857, p. 362 ; Story's Eq. Pl., § 28 ; 11 Vesey, 240 ; 12 ib. 477 ; 3 Swanst. 472 ; 3 Vesey & Beav. 99 ; 5 Madd. 442 ; 6 Johns. Ch. 46 ; Story's Eq. Pl. 227 ; Rev. Code, 1857, p. 540, art. 2 ; and made, in argument, the following points :

1. Complainant has no legal right or demand against plaintiff in error.

2. He has an adequate remedy at law against all possible danger.

3. He is not threatened by the judgment creditors, but on the contrary, they refuse to revive against him.

·4. There is nothing in the proof or pleading to show that the estate of Whitworth is solvent, and that complainant can be made to respond.

5. Complainant seeks to subject equitable assets and has no return of execution *nulla bona*.

6. There is no privity between complainant and Mrs. Bowen. She is not responsible to him, but to the judgment creditor if to any one.

7. Complainant comes into equity with unclean hands; a delinquent debtor, without excuse for his delinquency, pleading his laches as a ground for the intervention of a court of equity, demanding equity, yet not offering to do equity.

8. Because against the only party (Mrs. Bowen) to be affected by the decree, there is no fraud shown or even charged.

9. Because the prayer is inequitable and unconscientious.

10. Because E. L. Bowen is not shown to be insolvent, nor charged with a refusal, on his part, to pay the debt.

11. Because of the vague and uncertain amount in value of the property sought to be subjected for a vague and uncertain contingency anticipated.

12. Because the amount in controversy, which is an essential jurisdictional fact, no where appears in the bill.

13. The bill is multifarious. Story's Eq. Plead. 274 and 280.

*H. Cassidy, Jr.,* for defendants in error.

The maxim in regard to co-sureties is "equality is equity among persons standing in the same situation." Dening v. Earl of Winchelsea, 1 Lead. Cas. in Equity, 96 ; Sterling v. Forrester, 3 Bligh, *59* ; Craythorne v. Swinburne, 14 Vesey, 160–165 ; Meyhew v. Crickett, 2 Swanst. 189–192 ; McMahon v. Facocett, 2 Rand. 514–529 ; Campbell v. Messieux, 4 Johns. Ch. 334.

The object of this bill is to prevent such a disposal of real estate as would relieve it from liability and throw the whole burden of the debt on the co-surety, who is complainant. Rev. Code, 1857, p. 534, art. 261 ; Stevens v. Mangum, 27 Miss. 481 ; 2 Eden on Injunc. 339 and note ; 6 Madd. 10 ; 1 Story's Equity Juris. 730 ; 2 ib. 825–827, and 872–841, and 905, 912, 954, 959.

A surety, before he has paid any portion of the debt, may go into equity to restrain his principal from disposing of land so as to throw the whole burden of the debt upon him. McConnell v. Scott et al., 15 Ohio, 401.

A surety may enforce payment out of the property of his insolvent principal in the hands of third persons before payment of the debt. Stamps v. Rogers, 4 Ohio, 533 ; Green et al. v. Crocket et al., 2 Dev. & Batt. Eq. 390, 393.

A surety can maintain a bill, *quia timet,* against his principal. Lee et al. v. Griffin et al., 31 Miss. 632.

The question in this court is not, is the decree clearly right, but is it manifestly wrong? 2 Story's Eq. Juris. 959 b ; Fox v. Matthews, 33 Miss. 433 ; Steadman v. Hollman, ib. 550.

SIMRALL, J. :

This appeal is prosecuted by Bowen et ux., from an order of the chancery court overruling their motion to dissolve an injunction on bill and answer.

The abstract question presented is, whether a surety can go into equity before he has paid the debt of his principal, or more than his aliquot portion of it, to restrain a co-surety from disposing of real estate, so as to throw the whole burden of the debt upon the complainant, on the allegation that the principal is insolvent.

The facts are, that E. H. Wailes recovered a judgment against E. L. Bowen and E. T. Bowen and Whitworth, the intestate, founded upon the promissory note of the three ; E. L. Bowen being principal and the other two promissors his sureties. This judgment has been duly enrolled, so as to confer a lien on the property of the defendants thereto.

The bill alleges that E. T. Bowen bought from Decell a half-interest in certain lands described, and paid the consideration therefor, but, for the purpose of evading the judgment in favor of Wailes, had the conveyance made to his wife ; and that he and his wife are attempting to sell the lands, and, if permitted to do so, an innocent purchaser

would acquire the title, discharged from liability to the judgment. E. L. Bowen, the principal, has not enough property to pay the debt, and thereby its whole burden would fall upon the estate of Whitworth, his intestate.

The answer of Bowen and wife admits the purchase and conveyance of the land to the wife, but insists that the transaction was fair and legitimate, the wife furnishing a large part of the consideration, and the husband being largely indebted to her, and took this mode of making some reim bursement.

The policy of our law, according with the spirit of equity principles, imposes a primary obligation of paying the debt on the principal. Hence, under the statute, if the sheriff persists in a levy on the property of the surety after notifi cation that the principal has property liable, the surety may, by a proper proceeding, supersede the levy, and displace it altogether. Moss v. Agricultural Bank, 4 Smedes & Marsh. 726.

The judgment creditor has a right to satisfaction, as against all the debtors ; primarily against the principal if solvent. The creditor can be compelled, by the surety under the statute, to get satisfaction from a solvent principal. If the surety pays the debt, he has in equity a right to be subrogated to all the rights and remedies of the creditor, as against co-sureties, thus, if he pays a judgment, the principal being insolvent, equity would extend to him all the advantages and liens which belonged to the original judgment in favor of the creditor, as against the other sureties. 1 Dess. 409.

The doctrine of the court, arising out of moral duty and justice, is that the surety who pays stands precisely in the shoes of the creditor whose debt he has discharged, and to be reimbursed by co-sureties, shall be substituted to all liens, securities and preferences, which the creditor had for his debt, before its discharge. Lidderdale v. Robinson, 2 Brock, 160 ; 12 Wheat. 594. This right does not arise out of contracts, but takes its root in the principles of

natural justice.   Payment by the surety discharges the debt, and also the securities therefor as to the creditor.   But equity will not allow that effect as between the principal debtor and surety.   As between them, it is regarded rather as an equitable assignment for the use of the surety, of the original debt, with its incidents and remedies.

If the payment be of a bond debt, and that debt have a priority over simple contract debts, as against the estate of a deceased co-surety, preference in marshaling assets will be given over simple contract creditors.   Dupuy v. Southgates, 11 Leigh, 97.

If the surety in a bond debt to the United States (as an importer's bond) pays the debt, he is entitled to the same preference over other creditors as the United States had. United States v. Hunter, 5 Mason, 65 ; 5 Pet. 174.

The doctrine declared by Lord Eldon in Copis v. Middleton, 1 T. & R. 229, and by Lord Brougham in Hodgson v. Shaw, 3 Myl. & K. 190, limiting the subrogation to such securities as were not extinguished at law by the payment, has been very generally denied in the American courts, as too narrow and technical.   If the surety paid off a judgment, according to this rule, he could claim no preference or advantage, as incident to it, because it was extinguished. The American courts give a wider range to the principle, and work out a more perfect justice, by considering the judgment, as equitably assigned to the surety, and as having all its incidental advantages, for the purposes of contribution, as against the principal debtor and his subsequent lien creditors.   Lathrop v. Dale, 1 Barr. 512.

While at law, the surety has no remedy until he has paid the debt, equity, with a view of placing the performance of the duty where it primarily belongs, will interpose, at the instance of the surety, so soon as the debt becomes due, to compel its payment by the principal.   Ranelaugh v. Hays, 1 Vern. 189 ; Bishop v. Day, 13 Vt. 88 ; Stump v. Rogers, 1 Ohio, 533.   But this interference will not be made so as to impair, endanger or delay the creditor.

A court of equity, to prevent a multiplicity of suits, in order to do right and distribute justice, will, in the first instance, impose the discharge of the duty or performance of the obligation upon the party primarily and ultimately bound. Instead, therefore, of requiring the surety to pay, and then re-imbursing him by decree against the principal, it permits the surety at once to resort to the court, to compel the principal to discharge his obligation.

Although the question is new and without precedent in the books, so far as we have been able to see, this equity is quite as strong in favor of a surety (where the principal is insolvent) against his co-surety. It is well supported by authority, and thoroughly approved by the reason, that if the principal has made, or is about to make, secret or fraudulent dispositions of his property, so as to throw the debt upon his surety, the latter may have ample remedy. If the principal is insolvent, and therefore the debt rests as a common and equal burden upon the sureties, do not the same considerations appeal with equal force to the chancellor, that he may see to it, that one of them shall not, by secret or fraudulent contrivances and conveyances of property, fasten the whole of it upon the other? We think that the principle may well have this extended application.

It is said that the answer denies the equity of the bill, and therefore the injunction should have been dissolved. The answer of Bowen and wife admits that part of the consideration for the land was paid to Decell by himself, that is, by the satisfaction of the debt to him for medical services.

The power to dissolve, as well as to grant injunctions, must rest necessarily in the discretion of the court, and should be exercised so as to prevent injustice. Hilliard on Injunc. 77 ; Cammack v. Johnson, 1 Green (N. J.), 172. In James v. Scurly, 2 Ired. Eq. 281, it was said, that a motion, resting upon the answer only, before the proofs are in, is addressed very much to the sound discretion of the court. We think that the ends of justice would be better subserved

by retaining the injunction until the complainant has a fair opportunity to take testimony; he must, however, be indulged in no unnecessary delay. The defendants admit that they are offering the property for sale. If that shall be accomplished the objects of the suit would be defeated. This is a cogent reason why the provisional injunction should be retained until the testimony shall be taken.

*Decree affirmed.*