HOMER PULLIAM et al. v. A. H. TAYLOR.

1. CHANCERY COURT — JURISDICTION — PRACTICE — BILL TO REMOVE CLOUD ON TITLE. — The statute of frauds denounces absolute nullity, upon every gift, grant or conveyance, made with intent to hinder, delay or defraud creditors.   In so far as the creditor is concerned, it is as though it had never been made, and the title was still in the debtor — the fraudulent grantor.   The jurisdiction of a court of equity is ample, either before or

after sale, to set aside a fraudulent conveyance. It is by virtue of the "lien" that the creditor may go into a court of equity to displace a fraudulent conveyance, even before levy.

APPEAL from the Chancery Court of Chickasaw County (1st district). Hon. W. D. FRAZEE, Chancellor.

Complainant filed his bill in the chancery court of Chickasaw county, seeking to vacate and set aside a conveyance of land, alleged to have been fraudulently made. To which bill a demurrer was interposed, and the court overruled the demurrer, and the defendants bring the case to this court by appeal, and assign for error the overruling of the demurrer.

*A. Y. Harper*, for appellants :

This bill seeks to vacate and set aside a conveyance of lands alleged to be fraudulent, before a sale is made under execution ; all bills filed before such sales are in aid of executions at law, and stand on the same footing as bills to subject equitable assets in respect to jurisdiction, that is, they must show that the legal remedy has been completely exhausted, before the aid of a court of equity can be invoked.

The complainant, in this case, could have levied an execution under the judgment, and have sold the title and interest of the judgment debtor, and then have filed his bill to vacate and set aside the conveyance. It must appear from the bill that an execution was issued within a year and a day, and returned *nulla bona.*

This bill does not charge that an execution was returned *on the return day.* It shows that two executions were issued, but if the last issued after the first and before return day, it is without authority of law, and a court of chancery will not lend its aid to such an act. The bill must show when the execution issued, and when returned, and the substance of the return. It is deficient in this, and the demurrer is well taken.

If the grantee purchase *bona fide* for a valuable consideration, without knowledge of an improper design, his title will not be affected.

In all such cases, the creditor is obliged to prove actual fraud in the grantor, and a participation or knowledge of fraud in the grantee, and this must be specifically charged in the bill. In order to protect the purchaser without notice, he must deny notice, fully and particularly, either by plea or answer.

If the defendants are fair purchasers, without notice, and can bring themselves within the rules by which that question is tested, they are not affected, even if fraud could be established against their immediate grantor. Therefore, we contend that the demurrer is good on this point.

*Houston & Reynold,* for appellee.

The bill shows a recovery of the judgment, the issuance of a *fi. fa.* within a year and a day, which was regularly returned "no property found;" the issuance of a second *fi. fa.,* and its levy upon certain lands as the property of defendant, Homer V. Pulliam; the conveyance of the lands levied upon by Homer V. Pulliam to his wife, and that the conveyance was executed without any consideration valuable in law, and that it was not executed in good faith, but was made for the purpose and with the intent to hinder, delay and defraud the creditors of Homer V. Pulliam.

Homer V. Pulliam and Martha B. Pulliam, his wife, demurred to the bill. The demurrer was overruled, and an appeal presented to this court.

1. Cause of demurrer. That the bill does not state the residence of the parties, nor does it make Gardner, trustee, a party.

The bill does state residence of all the parties, and Gardner, the trustee, is made a party, "and M. T. Gardner by fit and proper process be made a party defendant to this bill."

2. That the bill does not show that the defendant has no personalty, or that a writ of execution was issued, and only returned on the return day thereof, or that the land levied upon was the property of H. V. Pulliam.

It is averred that an execution issued within a year and a day, and that it was *regularly* returned "*nulla bona,*" and that the lands levied upon were the property of Homer V. Pulliam.

This is not a bill to subject equitable assets, but to aid an execution at law, and it is only necessary to aver the judgment execution, and that the property has been fraudulently conveyed. Vasser v. Henderson, 40 Miss., 519; 1 Am. Lead. Cases, 77, 78, 79 2 Ed. ; Planters' Bank v. Walker, 7 Ala., 926 ; Dargan v. Warring, 11 Ala., 988.

3. This cause of demurrer involves the same principle as the second.

4. Because the bill does not offer to include the claims of other creditors. Nor should it. If the judgment is a lien upon the property, then the creditor is entitled to priority. If his judgment was no lien, then he acquired it by the levy of his execution and the filing of his bill to aid his execution. 1 Am. Lead. Cases, 54, 77, 78, 79; notes to Salmon v. Bennett and Saxon v. Wheaton.

5. Because the bill does not sufficiently aver the fraud or knowledge of the fraud on the part of the wife and the trustee. It does sufficiently aver fraud and the knowledge of it. It states " that the conveyance was made without any consideration, and not in good faith, and was made for the purposes and with the intent to hinder, delay and defraud creditors."

This case involves exactly the same questions as are presented in the case of Robert Pulliam et al. v. A. H. Taylor and A. L. Premtt, and we refer to our brief in that case. It is agreed that the two may be submitted together.

SIMRALL, J., delivered the opinion of the court.

A. H. Taylor recovered a judgment at law, against Homer Pulliam, for several thousand dollars. One execution was returned *nulla bona.* Afterwards another was issued, which was levied by the sheriff, on the several parcels of land mentioned in the bill. Taylor alleges, that some time prior to the recovery of the judgment, Pulliam conveyed the lands to his wife, without any valuable consideration therefor, and with intent to hinder, delay and defraud the complainant and others, his creditors.

A demurrer to the bill was overruled, and from that order of the chancery court this appeal was taken.

The formal exceptions taken by the demurrer, to the bill, are not well founded. The residence of the parties is stated.

It has been long settled in this state, that a creditor cannot obtain the aid of a court of equity to subject equitable assets, such as cannot be taken on execution, until he has reduced his demand to judgment, and pursued his debtor to insolvency at law, by a return of *nulla bona*, upon an execution. Farned v. Harris et al., 11 S. & M., 366; Brown v. Bank of Mississippi, 31 Miss. Rep., 458. But that doctrine has no application (as insisted by counsel) to this case.

The statute of frauds denounces absolute nullity, upon every gift, grant, conveyance  *  *  made  *  *  with intent to hinder, delay or defraud creditors. " In so far as the judgment creditor is concerned, it is as though the conveyance had never been made, and the title was still in the debtor, the fraudulent grantor." Carlisle v. Tindall, 49 Miss., 234; Pennington v. Seal, 49 Miss., 527. Such is the character which the bill ascribes to the conveyance, made by Homer Pulliam to his wife. Notwithstanding that conveyance, the property was open to creditors, and they could reach it as though that deed had never been made. The lien of the judgment was operative upon the land, and the creditor had a right to satisfaction of his judgment by a sale of it, under execution. The land, which the creditor is thus pursuing, is not equitable assets, within the meaning of the authorities cited, but is legal assets, accessible to the sheriff, under legal process.

The object sought by the bill is to disincumber the land, the title to which is obscured, and made apparently doubtful, by the conveyance of Pulliam to his wife, so that a good and reliable title may be offered to purchasers, and the creditor may obtain the worth of the land on a sale. The jurisdiction of a court of equity is ample either before or after sale, to set aside a fraudu-

lent sale.　Gallman v. Perrie, 47 Miss. Rep., 140 ; Vasser v. Henderson, 40 Miss., 520.　Hizheim v. Drane, 10 S. & M., 556 ; Berryman v. Sullivan, 13 S. & M., 65 ; Fowler v. McCartney, 27 Miss., 509 ; Snodgrass v. Andrews, 30 Miss., 472.

It is by virtue of the " lien," that the creditor may go into a court of equity to displace a fraudulent conveyance, even before levy.　The two last cited cases — and Brinkerhoff v. Brown, 4 John. Ch. Rep,, 677.

There is no error in overruling the demurrer to the bill.

The decree is affirmed.